■ NADIA FERRAN et al., Appellants, v STANLEY BIELAWA et al., Defendants, and DAVID J. VALENTI, Doing Business as D. J.

VALENTI EXCAVATION AND TRUCKING, et al., Respondents. [718 NYS2d 222] —Crew III, J. Appeals (1) from an order of the Supreme Court (Canfield, J.), entered April 7, 1999 in Rensselaer County, which, *inter alia*, granted defendant David J. Valenti's motion to dismiss the complaint for want of prosecution, (2) from the judgment entered thereon, and (3) from an order of said court, entered August 18, 1999 in Rensselaer County, which, *inter alia*, denied plaintiffs' motion for reconsideration.

The action giving rise to these appeals was commenced in November 1993 and involves a land dispute in which plaintiffs, appearing *pro se*, claim title to certain property located in the Town of Nassau, Rensselaer County. As relevant to this appeal, on June 17, 1998 plaintiffs were served with a 90-day demand that they file a note of issue in accordance with CPLR 3216. Plaintiffs having failed to comply with that demand, defendant David J. Valenti moved to dismiss the complaint for want of prosecution. Plaintiffs cross-moved for an order vacating the CPLR 3216 motion to dismiss or, alternatively, an order granting an extension of time to file a note of issue. Plaintiffs also moved for partial summary judgment. Supreme Court, *inter alia*, granted Valenti's motion to dismiss the complaint for failure to prosecute. Plaintiffs thereafter moved to, *inter alia*, transfer the underlying action to a different county, citing Supreme Court's alleged bias in this matter. Supreme Court denied plaintiffs' motion in its entirety, prompting these appeals.

We affirm. While plaintiffs assert various and sundry reasons for their inability to timely serve and file a note of issue, the record makes plain that each was able to engage in other activities and endeavors of a substantial nature during the relevant time period, including the prosecution of unrelated lawsuits. Insofar as plaintiffs claim individual illnesses as an excuse for failing to comply with the demand, we note that such complaints are unsupported by any medical evidence in the record. Accordingly, we are unable to conclude that Supreme Court erred in dismissing the complaint. Plaintiffs' remaining contentions, including their assertion that Supreme Court erred in denying their motion for transfer, have been examined and found to be lacking in merit.

Cardona, P. J., Peters, Rose and Lahtinen, JJ., concur. Ordered that the orders and judgment are affirmed, with costs.